(May 29, 1908.)

## PETER FREDERICKSON et al., Plaintiffs and Appellants, v. THE DEEP CREEK IRRIGATION CO. et al., Defendants, Intervenors and Appellants.

[96 Pac. 117.]

CONFLICT OF FINDINGS—JUDGMENT—UNCERTAINTY OF.

1. Where the finding of facts is contradictory and uncertain, and the intention of the court cannot be ascertained therefrom, and certain parts of the judgment are not supported by all of the findings, the judgment will be reversed and remanded for new findings and judgment.

(Syllabus by the court.)

APPEAL from the District Court of Fifth Judicial District for Oneida County. Hon. Alfred Budge, Judge.

Action to determine the amount and priorities of certain claimants to the waters of Deep creek and its tributaries, for irrigation and other purposes. Judgment making distribution thereof. *Reversed.*

George E. Gray, and Gray & Boyd, for Plaintiffs and Appellants.

D. C. McDougall, and W. E. Borah, for Defendants and Appellants.

Counsel cite no authorities on the point decided.

SULLIVAN, J.—This action was brought to determine the rights of the several parties to the action to the use of the waters of Deep creek and its tributaries, Oneida county. The action was tried by the court and finding of facts was made and judgment was entered, distributing the waters of said stream between the several parties to the action. It appears

that none of the parties were satisfied with the judgment, and the appeal is from the judgment by both the plaintiffs, defendants and intervenors. The plaintiffs-appellants ask that that portion of the decree be modified which reads as follows: "The defendant, the Deep Creek Irrigation Co., is entitled at all times to all of the waters of Third creek, a tributary of Deep creek, for reservoir purposes." This contention is based on the ground that said portion of the decree is not supported by the findings of fact, and cites in support of that contention the finding of fact No. 2, which is as follows:

"It was stipulated by and between the parties to this action that the Deep Creek Irrigation Company is entitled to the priority to the right to the use of the waters of Deep creek, to the amount of 175 inches, to be diverted through its respective ditches, said amount being the amount admitted by the plaintiffs and intervenors to be necessary for the proper irrigation of the lands owned and irrigated by the shareholders of said company in the city of Malad, Oneida County, Idaho, and the independent users who now take water for their respective holdings through the ditches of said company."

The court further found that the plaintiffs-appellants were entitled in the aggregate to 400 miner's inches of water of Deep creek from October 15th to May 15th, of the following year, by reason of their appropriation made May 15, 1867.

By the eighth finding of fact, the court found that "In May, 1889, the plaintiffs, defendants and intervenors, in pursuance to proper notice given, called a public meeting, for the purpose of agreeing upon the distribution of the waters of Deep creek between what are known as the hay-land people and the upper-land people, at which meeting all of the parties to this action, or their predecessors in interest, were present or represented, at which meeting an agreement was made and entered into by and between what are known as the hay-land people, or those who own and irrigate hay-lands, situated under said Deep creek, and what are known as the upper-land people, or those who irrigate farms situated under said Deep creek, all of said lands being situated near the city of Malad, in Oneida county, Idaho, that the waters of said Deep creek,

to the amount of four hundred inches, should be permitted to flow down said Deep creek to the lands of the plaintiffs herein, who are what are known as the hay-land people, and should be permitted to so flow between the 15th day of October and the 15th day of the following May of each and every year.''

By its ninth finding of fact, the court found that each and every year since the year 1867, and subsequent to said agreement, with the exception of divers times when their use of said waters of Deep creek was interfered with by the defendant corporation herein, the plaintiffs have used said water as provided for in said agreement.

By finding No. 10, the court in substance found that the watermasters and the board of directors of said defendant corporation have at all times recognized the rights of said plaintiffs, and permitted the waters of Deep creek to flow to the plaintiffs and upon what are known as the hay-lands, between the 15th day of October and the 15th day of the following May of each and every season.

By conclusion of law No. 8, the court concluded from the facts that in May, 1889, the plaintiffs, defendants and intervenors, and their predecessors in interest, after proper notice given, called a public meeting for the distribution of the waters of Deep creek between the hay-land people and the upper-land people; that at said meeting, all of the parties to this action, or their grantors or predecessors in interest, were present, at which meeting an agreement was made and entered into whereby it was agreed that the hay-land people were entitled to the use of 400 inches of the water of said Deep creek for the irrigation of their hay-lands, between the 15th day of October and the 15th day of the following May of each and every year.

The court also found that the Deep Creek Irrigation Co. did not use any of the waters of Third creek for reservoir purposes or otherwise until the year 1889, and also that these plaintiffs have ever since said time had an interest in the same to the extent of any deficiency in their said 400 inches of water. The court also found that the Deep Creek Irrigation Co., during the year 1889, commenced the construction

of a reservoir and since said time has fully completed the same and has diverted the waters of Third creek, a tributary of Deep creek, into said reservoir, and has impounded said waters therein, for the purpose of irrigating the lands of the shareholders of said corporation, which were located under said Deep creek; that said reservoir is of sufficient capacity to store all the waters of said Third creek, and that the storage of all of said waters is necessary for the proper irrigation of the lands of the shareholders of said corporation, and that all of the waters of said Third creek have been conducted into said reservoir, at all seasons of the year except during the extreme high-water season; that the storage of said waters affords sufficient water, together with the water of Deep creek and its tributaries, to properly irrigate all the lands of the shareholders of the defendant corporation and the lands of the plaintiffs herein, except in seasons of unusual drought. The court also found that none of the parties to this action have acquired any rights by adverse user.

Based upon the findings above referred to and other findings, the court decreed absolutely all of the waters of Third creek to the Deep creek Irrigation Co., without any reservation and without fixing the date of such right, and it is contended by counsel that this was done regardless of the fact that appellants-plaintiffs have an interest in the waters so impounded in said reservoir, and regardless of whether there may be sufficient water in Deep creek to give plaintiffs their said 400 inches of water over and above the flow of Third creek, and notwithstanding the prior right of 175 inches of water already decreed to the defendant, the Deep Creek Irrigation Co.; and that most that could be claimed by or decreed to the Deep Creek Irrigation Co. under said findings would be the excess of water over and above the said 175 inches plus 400 inches, and that such right could only date from the year 1889, as the reservoir was not commenced until that year.

That portion of the decree above quoted, to wit: "The defendant, the Deep Creek Irrigation Co., is entitled at all times to all of the waters of Third creek, a tributary of Deep

creek, for reservoir purposes,'' is not supported by the findings above quoted and referred to. Under those findings, the defendant, the Deep Creek Irrigation Co., was only entitled to a decree of the waters of Third creek after the plaintiffs-appellants had received their 400 inches of water from the 15th of October to the 15th of May the following year, and as it appears from the record that the Deep Creek Co. did not begin to construct said reservoir prior to the year 1889, the date of its right to the use of the water for that reservoir should have been not earlier than 1889.

As the defendants and intervenors are also appellants, we will now state the findings they rely upon for a modification of the decree in their favor.

It is admitted that there is no controversy between the parties to this action as to the use of the waters of Deep creek between the 15th day of May and the 15th day of October each year. The court in its seventeenth finding of fact found that the defendant, the Deep Creek Irrigation Co., and its predecessors, in the year 1865, appropriated 750 miner's inches of the water of Deep creek, and that each year since said date has used the same for the irrigation of their land and for domestic and culinary purposes. In that finding the court finds the point of diversion of the defendant, the Deep Creek Irrigation Co.'s canal, and states: ''That the water is diverted by means of a ditch 15 feet wide and two feet deep, and by means of a dam across said Deep creek, and that the capacity of said ditch is 750 miner's inches, and that said appropriation was made in the year 1865 for the irrigation of the town lots of the city of Malad, in Oneida county, Idaho, and for household, culinary, domestic and stock purposes, and that said defendant company and its predecessors in interest have used said water for said purposes continuously each and every year since said appropriation to the present time, and that such use is and has been necessary and beneficial.''

The court also found that said stream during the spring affords a large volume of water, and that all of the parties hereto have been accustomed to using the same for beneficial purposes, until the stream falls to the amounts of their or-

iginal appropriation, and that their ditches are of sufficient size to convey all of said water, and that they have put the same to beneficial use; that the court finds that the ditch of the appellants-plaintiffs and their appropriation of 400 inches of water were made in 1867. Counsel also refers to the finding of fact above quoted, wherein the court found that in the year 1889 the parties hereto met in a public meeting called for that purpose and in said meeting agreed that 400 inches of such water should at all times between the 15th day of October and the 15th day of May following, be allowed to run down to plaintiffs-appellants, and that said agreement had been recognized and carried out. The contention of counsel is that from those findings, the court should have drawn a conclusion of law that the Deep Creek Irrigation Co. was entitled to 750 inches of such water from 1865, instead of 175 inches, as was decreed to it by the court. Counsel contend that the agreement at said public meeting could not pass title of the rights of the defendants to the plaintiffs. They also contend that the acquiescence of the plaintiffs in standing by and seeing the Deep Creek Irrigation Co. expend large sums of money in the construction of said reservoir in which to store all of the waters of Third creek, would estop them from claiming any title thereto. There is nothing in this last contention, as the plaintiffs had no power or authority to interfere with the construction of said reservoir.

It is evident the court concluded that as all of the parties had entered into an agreement whereby the hay-land people were entitled to 400 inches of water from the 15th of October to the 15th of May of each year, that that agreement had been recognized and acted on by the parties ever since, and for that reason, was binding on them. If that be correct, the Deep Creek Co., which first began work on its reservoir in 1889, was not entitled to the entire flow of the third fork of Deep creek, unless there was sufficient water over and above that flowing in said Deep creek to supply the 175 inches to the inhabitants of the city of Malad and the 400 inches to the hay-land people, from the 15th of October to the 15th of May. The findings are in such condition and conflict that this court

is unable to gather from them the intention of the trial court, and for that reason we are unable to modify the decree, and the only thing to be done is to reverse the judgment and send the case back for the court to make new finding of facts, conclusions of law and to enter judgment and decree in accordance therewith. In case it is necessary, or either party desires to introduce further evidence, the trial court should permit them to do so, and if that is done, thereafter the court should make its finding of facts, conclusions of law and enter decree in accordance therewith.

The judgment will therefore be reversed and remanded, with instructions to the trial court to proceed as above indicated. Each party must pay half of the costs of the appeal.

Ailshie, C. J., and Stewart, J., concur.